IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ ESQUILÍN PINTO,<br><br>    Plaintiff<br><br>    v.<br><br>HOSPITAL DEL MAESTRO; AIDA DÍAZ,<br><br>    Defendants | CIVIL NO.: 12-        (    )<br><br>AGE DISCRIMINATION; RETALIATION; DAMAGES<br><br>TRIAL BY JURY |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiff, José Esquilín Pinto (hereafter referred to as "Esquilín"), through the undersigned attorneys, and very respectfully states and prays as follows:

### NATURE OF THE ACTION AND JURISDICTION

1.1    This action is brought pursuant to the Age Discrimination in Employment Act (hereinafter, "ADEA"), 29 U.S.C. § 621 *et seq.*, Puerto Rico's Law No. 100 of June 30, 1959, 29 L.P.R.A. § 146 *et seq.*, and Puerto Rico's Law No. 115 of December 20, 1991, 29 L.P.R.A. § 194, seeking compensatory, double and liquidated damages, back pay, and equitable and injunctive relief to seek redress for defendant's discrimination on the basis of age, hostile work environment and retaliation against Esquilín.

1.2    This Honorable Court has jurisdiction to entertain this action pursuant to Section 7 of the ADEA, 29 U.S.C. § 626 (c) (1), and under 28 U.S.C. §§ 1331 and 1343(a)(4). Its supplemental jurisdiction is also invoked pursuant to 28 U.S.C. 1367(a) to hear the Commonwealth law claims

because these are so related to the other claims as to which this court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

1.3     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the defendant resides in Puerto Rico and all the discriminatory and retaliatory employment practices alleged herein were committed within the judicial district comprising the Commonwealth of Puerto Rico.

1.4     An initial charge of age based employment discrimination was filed with the Puerto Rico Department of Labor's Anti Discrimination Unit (hereafter referred to as "ADU") and Equal Employment Opportunity Commission (hereafter referred to as "EEOC") on September 23, 2011.  A Notice of Right to Sue from the EEOC was issued regarding that charge on March 13, 2012 and received thereafter by Esquilín.

1.5     On January 12, 2012 Esquilín filed a second charge of age based employment discrimination and retaliation with the Anti Discrimination Unit and it was referred to the EEOC. A Notice of Right to Sue from the EEOC was issued as to this second charge on July 6, 2012 and received thereafter by Esquilín.

1.6     The instant Complaint is being filed within ninety (90) days of receipt of the EEOC's Notification of Right to Sue of the second charge of employment discrimination and retaliation.

## THE PARTIES

2.1     Plaintiff is a citizen of the United States and a resident of San Juan, Puerto Rico.

2.2     Esquilín commenced working for Hospital El Maestro, Inc. on August 8, 1972 as an Accounting Clerk at the Hospital's Finance Department.

2.3     Plaintiff is currently assigned to the position of Collections Supervisor.

2.4     Esquilín is 63 years of age.

2.5     Esquilín is an employee under the provisions of ADEA, 29 U.S.C. § 630 (f), and is within the protected class under ADEA, 29 U.S.C. § 631 (a).

2.6     Hopsital del Maestro (hereinafter referred to as "HEM") is, and at all times hereinafter mentioned was, a corporation duly created under the laws of and with its principal place of business in the Commonwealth of Puerto Rico.

2.7     HEM is a for profit corporation registered with the Department of State of the Commonwealth of Puerto Rico under domestic corporation number 2153.

2.8     HEM is dedicated to the provision of health services.

2.9     At all times relevant herein, HEM has been Esquilín's employer.

2.10    HEM is a "person" within the meaning of 29 U.S.C. § 630(a).

2.11    HEM is an "employer" under the ADEA, 29 U.S.C. § 630(b).

2.12    HEM is engaged in an "industry affecting commerce" within the meaning of 29 U.S.C. § 630 (h).

2.13    HEM employs more than twenty (20) employees on a daily basis as the term is defined in 29 U.S.C. § 630 (b).

2.14    Codefendant Aida Díaz (hereinafter "Díaz"), is the President and/or Chairman of HEM's Board of Directors

2.15    In her role as President and/or Chairman of HEM's Board of Directors she has supervised Esquilín and has participated in adverse employment actions against him, as subsequently detailed herein.

2.16    HEM and Díaz are "employers" under Puerto Rico's Laws Nos. 100 and 115.

## THE FACTS

3.1     Esquilín repeats and realleges each and every preceding allegation as if fully set herein.

3.2     Esquilín began to work as an Accounting Clerk at HEM's Finance Department on August 8, 1972.

3.3     During his employment with HEM he has performed his job to HEM's satisfaction.

3.4     As a result of his satisfactory performance, Esquilín has been promoted to positions with more responsibility.

3.5     Esquilín has been a dedicated employee throughout his tenure at HEM.

3.6     In his position as Collections Supervisor, Esquilín's immediate supervisor is the Director for Billing and Collections ("DBC"), who, in turn, reports to the Director of Finance at HEM.

3.7     In 2010 Esquilín approached, Ms. Susana García, HEM's Executive Director at the time and communicated his interest in occupying the DBC position, which was vacant at the time.

3.8     Esquilín fulfilled all of the requirements for the DBC position.

3.9     In addition, García had delegated various assignments related to the DBC position to Esquilín.

3.10    These assignments were supposedly designed to "test the waters" regarding Esquilín's capability to assume the responsibilities of the DBC position.

3.11    Esquilín fulfilled each of these assignments in a manner satisfactory to García and HEM. Yet, he was not offered the position despite being qualified to perform its duties.

3.12    The recruitment policies at HEM include granting its employees a first chance at occupying vacant positions if the individual has the capacity and required qualifications.

3.13    Contemporaneously with HEM's failure to consider and/or offer the position to Esquilín there was an atmosphere of discrimination based on age at the Hospital.

3.14    This "atmosphere" was reflected in HEM's decision not to offer the DBC position to

Esquilín.

3.15   For instance, Ms. María de la Soledad Vargas ("Vargas"), HEM's Finance Director, instructed one of her advisors, Mr. Leonel López, to investigate the age of the employees in the Finance Department.

3.16   López visited the Human Resources Department and requested access to the employee files to determine the age of its workforce because "there were too many old employees working there."

3.17   Esquilín had demonstrated interest in occupying the DBC position a/k/a Billing and Collections Manager.

3.18   After not being offered the position of DBC, vacant since the Fall of 2010, Esquilín met with codefendant Díaz, President of HEM's Board of Directors.

3.19   The position remained opened.

3.20   On or about April or May 2011, Esquilín reiterated his interest in the DBC position.

3.21   Esquilín stressed that he had satisfactorily performed the duties of the position, and inquired why he was not offered the opportunity to perform its duty.

3.22   Díaz simply replied that she "preferred someone from outside."

3.23   On June 19, 2011, Doris Reyes Coreano ("Reyes"), was appointed as HEM's Director of Billings and Collections.

3.24   Reyes had never before worked at HEM.

3.25   Reyes had previously worked at Auxilio Mutuo Hospital as a Billings Clerk.

3.26   The appointment of Reyes contravened HEM's recruitment policy of considering qualified and interested insiders before looking at outsiders.

3.27   Esquilín was a qualified and interested insider and was not even considered or

interviewed for the DCB position.

3.28    Moreover, Reyes lacked some of the requirements of the DBC position.

3.29    HEM did not consider Esquilín for the DCB position because of his age.

3.30    Contemporaneously with Reyes' appointment as DBC, Esquilín inquired from Díaz and HEM's Executive Director, Susana García as to the reasons why he was not considered despite being qualified and interested in the position.

3.31    No reason was given to Esquilín by Díaz and/or García.

3.32    Shortly thereafter, Esquilín was approached by HEM's Human Resources Director, José Orlando Santiago ("Santiago").

3.33    Santiago offered Esquilín the equivalent of three months' salary (October, November and December 2011) to be paid "under the table," together with a $20,000.00 lump sum payment in January 1, 2012 in exchange for Esquilín's resignation, effective October 2011. Santiago gave Esquilín until the end of the day to accept HEM's offer.

3.34    According to Santiago and in response to Esquilín's inquiries, the Administrator or Executive Director, Susana Ortiz, and codefendant Díaz, had authorized Santiago to negotiate with Esquilín his retirement from HEM.

3.35    At the time of this offer, HEM did not have in effect an established "window" for its older employees to submit to early retirement.

3.36    The offer for Esquilín to accept an early retirement without an established plan for similarly situated employees constitutes discrimination on the basis of age in violation of the ADEA and Law No. 100.

3.37    Esquilín rejected HEM's unlawful offer of early retirement.

3.38    After rejecting HEM's offer, Esquilín took his annual vacation leave until September 26,

2011.

3.39    While on leave, Esquilín sought legal advice.

3.40    On September 23, 2011, Esquilín filed an administrative charge of age discrimination before the Anti Discrimination Unit and provided copy to HEM at its Human Resources Department on September 26, 2011, when he returned from his annual leave.

3.41    That same afternoon, Esquilín became the target of defendants' retaliation through the lodging of an unfounded complaint against him.

3.42    The incident for which he was reprimanded on September 26, 2011 had taken place long before and was brought up on that date to retaliate against Esquilín for having rejected HEM's unlawful early retirement offer and for having participated in protected activity under the ADEA and Law No. 100. This was just the beginning of the retaliation campaign by HEM.

3.43    Shortly thereafter Esquilín was approached by the private security supervisor at HEM and ordered to remove his vehicle from the regular parking spot he had been assigned and had utilized for the preceding three years.

3.44    When Esquilín asked the security supervisor for explanation, he informed Esquilín that he was following Santiago's order.

3.45    Another means of retaliation against Esquilín has been having the security guards follow Esquilín wherever he goes in the Hospital for having asserted his rights under the ADEA and Law No. 100.

3.46    On January 12, 2012 Esquilín filed a second charge of age discrimination and retaliation before the EEOC.

3.47    Other instances of retaliation against Esquilín have been the deprivation of resources to

perform the duties of Collections Supervisor; the deprivation of duties pertaining application of payments; the reduction of his supervisory duties. These actions on the part of defendants have created a hostile working environment because of Esquilín's age and in retaliation for having asserted his rights.

3.48    Esquilín has been *de facto* demoted by defendants.

3.49    As a result of defendants' unlawful actions, Esquilín has suffered economic, moral, and emotional damages for which he has required medical treatment.

3.50    Among his damages, Esquilín has experienced depression, gastro intestinal discomfort, insomnia, loss of self esteem, has become irritable and short tempered. In sum, his emotional well-being and enjoyment of life have been seriously deteriorated as a result of defendants' unlawful conduct.

3.51    Defendants are liable for double the damages proximately caused to Esquilín as a result of their unlawful conduct.

### FIRST CAUSE OF ACTION
### (Age Discrimination under ADEA)

4.1    Esquilín repeats and incorporates each and every preceding allegation as if fully set herein.

4.2    HEM created a hostile work environment to Esquilín, and said conduct was motivated by age considerations in violation of Esquilín's rights under ADEA.

4.3    HEM's conduct against Esquilín constitutes discrimination on the basis of age in violation of ADEA.

4.4    As a result of HEM's discriminatory practices, Esquilín has been precluded from occupying positions for which he was qualified and as a result has suffered economic damages

equal to the difference in salary between his current position and that of Director of Collections and Billing.

4.5   HEM is liable to Esquilín for the back pay differential had he not been discriminated against on the basis of his age.  His economic damages will continue to increase until defendants are enjoined from discriminating against Esquilín.

## SECOND CAUSE OF ACTION
### (Willful Violation under ADEA)

5.1   Esquilín repeats and incorporates each and every preceding allegation as if fully set herein.

5.2   HEM's discriminatory practices against Esquilín were malicious and/or carried with reckless indifference towards Esquilín's rights protected under federal law.

5.3   Defendant's discriminatory conduct constitutes a willful violation of the ADEA and as a result thereof HEM is liable to Esquilín for liquidated damages in amount equal to the backpay differential to which he is entitled.

## THIRD CAUSE OF ACTION
### (Age Discrimination Law No. 100)

6.1   Esquilín repeats and incorporates each and every allegation as if fully set herein.

6.2   HEM's and Díaz' conduct constitutes age discrimination against Esquilín in violation of Law No. 100.

6.3   As a proximate result of defendants' unlawful conduct Esquilín's working conditions have been adversely affected; he has suffered economic and moral damages, pain and suffering and emotional distress. Esquilín has also experienced a deterioration in the quality of his life as a result of defendants' unlawful conduct.

6.4   Defendants are liable to Esquilín under Law No. 100 for double the amount of all

damages caused to him.

## FOURTH CAUSE OF ACTION
### (Retaliation under the ADEA)

8.1     Esquilín repeats and incorporates each and every preceding allegation as if fully set herein.

8.2     HEM's conduct in retaliation against Esquilín for having participated in protected activity by filing a charge of age based discrimination constitutes a violation of the ADEA.

8.3     As a result of said conduct Esquilín has suffered economic damages in the nature of the backpay differential and for which HEM is liable.

8.4     HEM's retaliatory conduct represents a willful violation of the ADEA.

8.5     Esquilín is also entitled to liquidated damages as a result of HEM's willful violation of the ADEA.

## FIFTH CAUSE OF ACTION
### (Retaliation under Law No. 115)

9.1     Esquilín repeats and incorporates by reference each and every preceding allegation as if fully set herein.

9.2     Díaz and HEM are "employers" under Law No. 115.

9.3     HEM's and Díaz' conduct in retaliation against Esquilín for having participated in protected activity by filing a charge of age based discrimination and/or retaliation constitutes a violation of the Law No. 115.

9.4     Defendants are liable to Esquilín for double the damages caused by their unlawful conduct.

## SIXTH CAUSE OF ACTION

**(Attorneys Fees and Prejudgment Interest)**

10.1    Esquilín repeats and incorporates each and every preceding allegation as if fully set herein.

10.2    HEM is liable to Esquilín for attorneys fees under ADEA and under Laws No. 100 and 115.

10.3    Defendants' conduct has been obstinate during the litigation of this action and as a result, Esquilín is entitled to prejudgment interest under Fed. R. Civ. P. 54.

### SEVENTH CAUSE OF ACTION
### (Tax Bracket Differential)

11.1    Esquilín repeats and incorporates each and every preceding allegation as if fully set herein.

11.2    Should Esquilín receive in one tax year compensation in a lump sum corresponding to various tax years, his tax liability would be increased in comparison to what it would have been if no discrimination or retaliation had occurred.

11.3    Defendants are liable for an amount equal to Esquilin's tax liability resulting from the increase in income tax liability of his compensation stemming from any economic damages resulting from defendants' discrimination and retaliation.

### JURY TRIAL

12.1    Esquilín requests that all claims be tried before a jury.

**WHEREFORE**, all premises considered, Esquilín prays that judgment be entered in his favor and against defendants, including the following relief:

a.    An order directing HEM to cease and desist from any further discriminatory and retaliatory conduct on the basis of age against Esquilín;

b.	Compensation for loss of income, together with interest, for the period Esquilín has been deprived of the salary to which he would have been entitled in the absence of defendants' unlawful conduct;

c.	Compensation for lost benefits, both past and future;

d.	Compensatory damages in excess of $750,000.00;

e.	An award of liquidated damages equal to twice the back pay and fringe benefits lost by Esquilín;

f.	An award of double compensatory damages and lost income pursuant to P.R. Laws Nos. 100 and 115;

g.	An award of reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements under the ADEA and Laws Nos. 100 and 115;

h.	Prejudgment interest;

i.	An award to neutralize Esquilín's increased tax liability; and

j.	Any other remedy which this Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 6th day of August, 2012.

| | |
|---|---|
| **GONZÁLEZ MUÑOZ LAW OFFICES, P.S.C.**<br>PO Box 9024055<br>San Juan, PR 00902-4055<br>Tel. (787) 725-8700<br>Fax (787) 725-8774<br>polonorteprlaw@gmail.com<br>jrgmlaw@gmail.com<br><br>*s/Juan Rafael González Muñoz*<br>JUAN RAFAEL GONZÁLEZ MUÑOZ<br>USDC-PR No. 202312 | **MIRANDA CORRADA LAW OFFICES**<br><br>PO Box 13332<br>San Juan, PR 00908<br>Tel. (787) 754-2005<br>Fax (787) 758-2448<br>vpmiranda@prtc.net<br><br><br>*s/Víctor P. Miranda Corrada*<br>VICTOR P. MIRANDA CORRADA<br>USDC-PR No. 201205 |